**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**MOBILE DIVISION**

| | | |
|---|---|---|
| **JEAN P. BODET, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.:** |
| | § | |
| **VERICEL CORPORATION** | § | **JURY DEMAND** |
| | § | |
| **Defendant.** | § | |

## COMPLAINT

## INTRODUCTION

1.      This is an action for legal and equitable relief to redress unlawful conduct under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et. seq. Suit is also brought to redress the deprivation of rights secured by Alabama State law. The Plaintiff requests a trial by jury of all issues so triable to a jury.

## JURISDICTION

2.      Jurisdiction is invoked pursuant to §29 U.S.C. 621 et. seq., §28 U.S.C. 1331 and §28 U.S.C. 1367.

3.      The Defendant, Vericel Corporation, ("Defendant") employed the Plaintiff in Baldwin County, Alabama where the events or omissions giving rise to the Plaintiff's claims occurred.  Therefore, venue in the Southern District of Alabama is proper pursuant to 28 U.S.C. §1391.

## JURISDICTION PREREQUISITES

4.      The discrimination in question occurred on or about July 7, 2025.

5.      On or about December 29, 2025, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

6.      On or about April 22, 2026, the EEOC issued a Notice of Right to Sue ("Notice") and this action is filed within 90 days of receipt of the Notice.

## PARTIES

7.      The Plaintiff, Jean P. Bodet, Jr., was employed with the Defendant for over 5 ½ years and at the time of his constructive termination was 64 years old.  At all relevant times herein, he has been a resident of the State of Alabama.

8.      The Defendant is a foreign corporation registered to do business in the State of Alabama.  It also employs more than 100 people and is an employer for all purposes herein.

## STATEMENT OF FACTS

9.      Plaintiff worked for the Defendant from 2019 to 2025 as a sales representative.

10.      Plaintiff was employed by Vericel as a salesman and was assigned a defined sales territory.

11.      Plaintiff sold skin grafts to hospitals and surgical facilities to be used to address significant burn injuries for patients.

12.      Plaintiff's compensation was based on a base salary and he was paid a commission of his sales revenue based on achieving certain targets of sales within his territory. His commissions constituted between 60% and 70% of his total compensation from year to year.

13.      Plaintiff was one of the higher producing sales representatives for Vericel.

14.      In 2024, Plaintiff was notified that Vericel was giving the most productive part of his territory to another sales representative.

15.    Plaintiff requested an explanation and, in a January of 2025 conference call with Vice President of Sales, Shannon Kelly and manager, Dave Graziano, regarding the company taking his most productive territories away from him and giving them to other sales representatives, Shannon Kelly stated, "Well you are getting older and we don't know when you may retire."

16.    Plaintiff then spoke with Dave Graziano after that call, and he repeated the same statement.

17.    The week after this call both Shannon Kelly and Dave Graziano repeated these statements to Plaintiff regarding his age and his employment with Vericel.

18.    Soon after they made these statements to the Plaintiff, the Defendant started raising Plaintiff's sales quotas higher than other younger sales representatives so to make it harder for Plaintiff to earn commissions.

19.    On July 7, 2025, the Plaintiff received his sales quotas for the next six-month period and the quotas were set so high there would be no way Plaintiff could achieve them in his reduced sales territory.

20.    Defendant drastically and arbitrarily increased Plaintiff's sales quotas to impossible levels, knowing Plaintiff could not meet them, while not imposing equivalent or proportionate increases on substantially younger, similarly situated sales representatives.

21.    Based on his prior sales experience and the reduction of his sales territory Plaintiff knew he would not be able to achieve the sales quotas as they were set at artificially high levels.

3

22. Because Plaintiff's compensation was tied directly to sales performance, Defendant's imposition of unachievable quotas eliminated Plaintiff's ability to earn sales commissions, substantially reducing Plaintiff's compensation and ability to earn a living.

23. Defendant's imposition of unattainable quotas was a pretextual tactic designed to manufacture failure and force Plaintiff's resignation because of Plaintiff's age.

24. Plaintiff knew he could not meet the impossibly high sales quotas placed on him by Vericel and Plaintiff resigned his employment with Defendant.

25. The Plaintiff has no adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, back pay, mental anguish, an injunction, and compensatory and punitive damages are his only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT

26. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 25 above.

27. The Defendant willfully violated the Age Discrimination in Employment Act, 29 U.S.C. §621 et. seq. by intentionally and/or willfully increasing the Plaintiff quotas because of his age and giving the most productive parts of his territories to younger sales representatives.

28. As a proximate result of the foregoing acts and omissions of the Defendant, the Plaintiff has suffered damages including, but not limited to past and future lost wages,

employment benefits, and other compensation which was denied him by reason of the violation, together with the interest, and liquidated damages.

29. The Plaintiff also seeks such equitable relief as may be appropriate, including but not limited to employment, reinstatement, and promotion.

30. The Plaintiff will also seek an award of attorney's fees, expert witness fees, and other costs of the action to be paid by the Defendant and other damages allowed by law.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor and against the Defendant herein for all such damages which are allowed by law to redress the wrong committed in violation of the Age Discrimination in Employment Act.

## COUNT II
## BREACH OF CONTRACT

31. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 30 as set forth above.

32. Plaintiff entered into an employment contract with Defendant at the beginning of his employment which provided for payment of various commissions, incentives and other compensation in addition to his base salary.

33. During his employment the Defendant failed and refused to pay all amounts owed to Plaintiff under the employment agreement including amounts owed to Plaintiff for commissions and "True-ups" for 2024 and 2025.

34. Defendant willfully breached the terms of the employment agreement and failed to pay the Plaintiff according to the terms of their agreement.

35. As the proximate result of the Defendant's breach, the Plaintiff has suffered financial losses and interest.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor and against the Defendant for the relief sought, including compensatory damages, attorneys fees, interest and for such remedies as the court deems appropriate.

## EQUITABLE PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, in addition to the above claimed legal remedies also prays for a declaratory judgment holding that the actions of the Employer, described above, violated and continue to violate the rights of the Plaintiff as secured by the respective federal statutes and that a permanent injunction enjoining the Employer, their agents, affiliates, successors, employees, attorneys and those acting in concert with the Defendant and on the Defendant's behalf from continuing to violate such laws and for such other and equitable relief as appropriate.

Respectfully submitted this 20th day of July, 2026.

s/Harry P. Hall, II
Harry P. Hall, II (ASB-1371-L71H)
Ashton H. Ott (ASB-7085-E58A)

OF COUNSEL:
FarmerPrice LLP
100 Adris Place
Dothan, Alabama  36303
(334) 793-2424
harry@farmerprice.com
ashton@farmerprice.com

**ADDRESS FOR SERVICE:**

**Vericel Corporation**
**c/o C T Corporation System**
**2 North Jackson Street, Ste 605**
**Montgomery, AL 36104**